IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA SCOTT, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-02913 |
| ) | |
| vs. ) | |
| ) | Judge Leinenweber |
| ) | |
| TNC (US) HOLDINGS, INC., and THE ) | |
| NIELSEN COMPANY (US), LLC ) | JURY DEMANDED |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LaToya SCOTT ("SCOTT"), by and through her undersigned attorney, Josh M. Friedman, and for her Complaint against the Defendants, TNC (US) HOLDINGS, INC. ("TNC") and THE NIELSEN COMPANY (US), LLC ("NIELSEN LLC"), states as follows:

**INTRODUCTION**

1. This is an action against Defendants for race discrimination under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 arising out of SCOTT's employment with Defendants.

## PARTIES

2. SCOTT is an individual who resides in this judicial district. SCOTT is a citizen of the United States of America, and is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. NIELSEN LLC is a Delaware limited liability company and resides within this judicial district. TNC is a New York corporation and resides within this judicial district. At all times relevant hereto, TNC and NIELSEN LLC jointly employed SCOTT, and will be referred to collectively herein as NIELSEN. NIELSEN employed in excess of 500 employees and qualifies as SCOTT'S employer for the purposes of Title VII and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

4. This matter arises under federal law, and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) as this is the judicial district where the unlawful employment practices are alleged to have been committed.

6. SCOTT filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that she had been discriminated against based on her race, black, and retaliated against.

7. SCOTT received a Notice of Right to Sue from the EEOC on January 27, 2018. SCOTT filed this action within 90 days of her receipt of that

Notice. A copy of that Notice is attached hereto and incorporated herein by reference as Exhibit A.

    8.    SCOTT has exhausted her administrative remedies and has standing to file this action against NIELSEN.

## FACTS COMMON TO ALL COUNTS

    9.    SCOTT began her employment with NIELSEN, then known as Spectra, in or around February 2000 as a client service assistant.

    10.    At all times relevant hereto, SCOTT performed her work satisfactorily.

    11.    SCOTT is black. At all times relevant hereto, NIELSEN was aware that SCOTT is black.

    12.    Beginning in or around 2000, SCOTT was subjected to discrimination based on her race, including but not limited to:

    13.    Severe and pervasive harassment, which interfered with her employment, based on her race. This harassment included, but was not limited to:

    a. The use of patently offensive language by co-workers, including the word "niggerish";

    b. Being advised by a non-black, co-employee that she was not part of the team;

    c. Offensive imitations of stereotypical "black" behavior; and

    d. Being called "stupid."

14. SCOTT complained about the foregoing harassment, but the harassment continued.

15. Additionally, SCOTT was denied promotions and increased compensation, as well as opportunities for advancement within the company that were given to her similarly situated, non-black co employees, even though SCOTT's work performance was at least equal to, if not better than, the aforementioned similarly situated co-employees.

16. SCOTT was also intentionally denied training that was provided to similarly situated non-black co-employees, impairing her ability to advance within NIELSEN.

17. SCOTT was also demoted, without cause.

18. As a result of having been repeatedly passed over for numerous promotions and denied other opportunities for advancement within NIELSEN, SCOTT repeatedly complained to management that she believed she was being mistreated based on her race.

19. Between May and September 2015, SCOTT complained on several occasions to her non-black supervisor that her failure to advance within the company compared to her non-black peers constituted differential treatment on the basis of her race. SCOTT made this complaint as late as August 2015, when she complained to her supervisor that a white colleague with far less experience and tenure with NIELSEN was transferred to a more prestigious position in

Chicago, and that other non-black employees were provided with similar opportunities for growth where she, as a black employee, did not.

20. Within weeks of the aforementioned complaint, SCOTT was told by the supervisor that she had complained to that she was not meeting expectations. This was the first time during her 15 years at NIELSEN that she was ever accused of this.

21. On September 23, 2015, SCOTT was discharged, allegedly for not meeting expectations and allegedly because it wasn't working out.

22. SCOTT believes and avers that her performance was equal to or better than her similarly situated, non-black co-employees, and that NIELSEN's discriminatory actions alleged herein were based on her race.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

23. SCOTT realleges paragraphs 1-22 above as if fully repleaded herein.

24. At all times relevant hereto, SCOTT was black, which is a protected class under Title VII, and NIELSEN was aware of her membership in this protected class.

25. At all times relevant hereto, SCOTT's performance met NIELSEN's legitimate expectations.

26. SCOTT was subjected to severe and pervasive harassment based on her race; SCOTT complained about this harassment; but the harassment continued.

27. SCOTT was also denied advancement within the company, was denied promotions and transfers, was not provided with training, and was ultimately discharged because of her race and because she complained about race discrimination.

28. SCOTT's performance was equal to or better than similarly situated non-black employees, who received the opportunities, increased compensation, and upward mobility within NIELSEN that SCOTT was denied.

29. NIELSEN violated Title VII of the Civil Rights Act of 1964 by denying SCOTT compensation and opportunities for advancement that were provided to non-black similarly situated employees; allowing harassment to occur without taking effective remedial action; discharging SCOTT because of her race, black; and retaliating against her because of her protected complaints about race discrimination.

30. NIELSEN's conduct in the case was motivated by malice, and with reckless indifference to Plaintiff's federally protected rights under Title VII.

31. As a direct and proximate result of the unlawful and discriminatory practices alleged above, SCOTT has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe

6

emotional and psychological distress, and other forms of damage to be proven at trial.

## COUNT II
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

32. SCOTT realleges paragraphs 1-31 above as if fully repleaded herein.

33. At all times relevant hereto, SCOTT was black, which is a protected class under 42 U.S.C. 1981 and NIELSEN was aware of her membership in this protected class.

34. The foregoing unlawful employment practices alleged against NIELSEN violated Title 42 U.S.C. § 1981, as they constituted a denial of SCOTT's right to make and enforce contracts under the same terms given by NIELSEN to similarly situated non-black employees.

35. NIELSEN's conduct in the case was motivated by malice, and with reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981.

36. As a direct and proximate result of the unlawful and discriminatory practices alleged above, SCOTT has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress, and other forms of damage to be proven at trial.

**WHEREFORE**, SCOTT prays for the following relief:

(a) Trial by jury on the charges raised in her Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that SCOTT's rights have been violated as alleged above and that the practices complained of herein are unlawful and in violation of the acts cited;

(c) This the Court permanently enjoin NIELSEN, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That SCOTT have and recover from NIELSEN reinstatement or front pay, back wages and lost benefits with interest, pre and post judgment interest, compensatory and consequential damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses for NIELSEN's conduct, punitive damages, and for any other damages to which SCOTT may be entitled under federal law;

(e) That SCOTT be awarded her costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. § 1988, and any other attorney fee statutes; and

(f) Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

LATOYA SCOTT


By <u>/s/Josh Friedman</u>
His attorney


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 W. Jackson Blvd.
Suite 1028
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

9

## **CERTIFICATE OF SERVICE**

I, Josh Friedman, Counsel for Plaintiff, hereby certify that a copy of the foregoing **Amended Complaint** was served pursuant to the United States District Court for the Northern District of Illinois' Electronic Filing System on all counsel of record on this 26th day of November 2018.


/s/ Josh M. Friedman
Counsel for Plaintiff